(Hamilton county Common Pleas.)

MARY A. HOVELER v. CHARLES LUHRMANN.

----

*Notice to quit—When suit may be brought.*
The lease of a tenant would expire on October 20; on October 19 the landlord gave notice under section 6602 Revised Statutes, to the tenant to leave the premises. Held: That by such notice the term of the tenant was not extended till the expiration of three days from October 19; but as that section requires that three days shall be given the tenant before suit may be brought, the landlord could not bring his action till such time has expired.

----

SAYLER J.

Charles Luhrmann held certain premises as a tenant of Mary A. Hoveler; the term expired on October 20, 1895; on October 19, 1895, the plaintiff served a notice on the defendant as follows: "You will please take notice that I want you to leave the premises you now occupy, and which you have rented of me, situated and described as follows, etc. (giving description). Your compliance with this notice on or before three days from the date hereof will prevent legal measures being taken by me to obtain possession of the same, agreeably to law," which was duly signed and dated.

On October 23, 1895, the plaintiff filed a complaint before a justice of the peace, to the effect that the said Charles Luhrmann "has ever since the 20th day of October, 1895, and does still unlawfully and forcibly detain from" the said plaintiff said premises; that he entered upon said premises as the tenant of the plaintiff; that the lease thereof expired at the time first mentioned (October 20), and that from said time he "has unlawfully and forcibly held over said term;" that on October 19, the plaintiff had served upon him, "notice in writing to leave said premises," and she asks restitution.

On the trial before the magistrate the defendant moved to dismiss the action on the ground of a variance between the notice to quit and, the complaint, which was granted, to which exception was taken, and the plaintiff asks leave to file a petition in error.

The variance claimed is, the notice to leave was served on October 19, and the three days would expire on October 22. The defendant claimed that he did not unlawfully hold till the expiration of the three days, while the information charges that he unlawfully held from October 20.

Section 6599 confers jurisdiction on a justice in forcible entry and detainer cases, and provides that if it be found on inquiry that lands and tenements, "after a lawful entry, are held unlawfully, then said justice shall cause the party complaining to have restitution thereof, but such action can only be brought within two years after the cause of such action shall have accrued."

By section 6602 it is provided as follows: "It shall be the duty of the party desiring to commence an action under this chapter to notify the adverse party desiring to leave the premises, for the possession of which action is about to be brought, which notice shall be served at least three days before commencing the action, by leaving a written copy with the defendant, or at his usual place of abode, if he cannot be found."

By this section the landlord must give notice to the tenant to leave the premises before he may sue. If the term has expired, and the tenant unlawfully holds, the notice may be served at any time during such unlawful holding (20 Ohio St., 334.) If the term has not expired the notice may be served (20 Ohio St., 334,) but the tenant cannot be dispossessed till the end of his term.

If the tenant holds from month to month, and the landlord allows him to enter on a new month under such circumstances as to lead the tenant, as a reasonable man, to believe that the landlord will and does renew the lease for such month, the tenant would hold for that month lawfully; but that is because of an implied contract arising out of the conduct of the parties. The tenant has no election to hold for another term (Taylor on Landlord and Tenant, section 22) If, however, before the end of the month the landlord notifies the tenant to quit, no implied contract for a lease for another month arises, and if the tenant holds over he will hold unlawfully.

If the notice to leave is given three days or more before the expiration of the term, he may sue on the expiration, as in 20 Ohio St., in which the term expired on June 30 and the suit was brought on July 2—on the second day after the expiration.

If the term expires, and the tenant holds unlawfully, then clearly the right of action accrues, under section 6599 (20 Ohio 167.) and the statute of limitation would then begin to run. But if the landlord has not given notice to leave, he cannot bring his suit. He must comply with 6602, give notice, and wait the expiration of three days. But the giving of this notice while the tenant is holding unlawfully, does not make his holding lawful. He still holds unlawfully, and the suit may then be brought on the cause of action which accrued on the expiration of

the term, from which time he has held unlawfully.

If the notice is served one day before the expiration of the term, the tenant could not claim to hold lawfully after the expiration; he knows his lease is not renewed, and so he must hold unlawfully; but by reason of section 6602, the landlord may not sue till three days have expired after the notice.

No right is given by section 6602 to the tenant; under the law of the land his term has expired; and he has no right to hold. But by that section a right is taken from the landlord; he may not sue until three days have expired from service of the notice to quit, although the tenant is holding unlawfully, and the right of action under section 6599 has accrued, and the statute of limitation is running.

If I am correct in my construction of sec tion 6602, that under it the tenant takes no right, and that it is simply a limitation on the right of the landlord, then I think, under the law, the tenancy of the defendant ceased on October 20. That was the expiraion of his term and he was notified on the 19th that it would not be renewed, and when he held after the 20th, he was holding un lawfully. When the complaint was filed it correctly charged that from October 20th the defendant unlawfully, etc., held the premises.

I have examined the authorities cited in Taylor on Landlord and Tenant, section 477, et seq., but it seems to me the matter must be determined by a construction of our own statute.

I think there is error in the action of the justice in granting the motion to dismiss, and the case will be reversed.

M. G. Heintz, for Plaintiff in Error.

James S. Myers, for Defendant in Error.