**CURRY, et al, Plaintiffs-Appellees, v. ENGLE, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3289.   Decided May 2, 1949

McKain, Ohl & Swanner, Youngstown, for plaintiffs-appellees.

George S. Edwards, Youngstown, for defendant-appellant.

## OPINION

By BUCKLEY, J.

This appeal came on to be heard in this court on questions of law.

The defendant-appellant in his assignments of error from a decision by the court of common pleas sets forth that the decision and judgment of the court of common pleas is contrary to law and against the weight of the evidence; and that the parties plaintiff and defendant are not the real parties in interest.

In the case before the court the pertinent facts are as follows: Prior to the third day of September, 1948, the premises which are the subject matter of this action in forcible detainer were owned by Alice C. Schreiber, et al. A sale was executed from Schreibers to Joseph S. Curry, et al, as evidenced by warranty deed set forth in the bill of exceptions and dated the 3rd day of September 1948. By virtue of this deed, a full and complete fee simple estate was vested in Curry, et al, by the grantors. At the time of this conveyance, the premises were occupied by Harry Engle, defendant-appellant, under a month to month tenancy, and the termination of his tenancy would occur on the 15th day of September, 1948. On September 4, 1948, in compliance with the Federal Rent Regulations, the new owners, by registered mail, served on the defendant-appellant written notice advising the tenant that the property

had been sold to them, and that they desired the immediate and personal use of the premises for occupancy as a home; and requested surrender of possession not later than 60 days after the date of receiving the notice. The notice also contained a provision that compliance therewith will prevent legal measures being taken to secure possession of said property. As evidenced by the record, this notice was received by the defendant-appellant on the 7th day of September, 1948. On the 8th day of November, 1948, plaintiff-appellee notified the defendant-appellant by statutory three day notice demanding surrender of possession of the premises within three days thereafter; and on the 12th day of November, 1948, the plaintiffs-appellees filed their petition in the municipal court of Youngstown seeking recovery of the premises in a forcible detainer action. After receiving the 60 day notice required under the Federal Rent Regulations, the defendant-appellant endeavored to pay rent to the new owners, plaintiffs-appellees, which was refused; and on November 13, 1948, defendant-appellant again attempted to pay rent by depositing $40.00 on an account with the First Federal Savings and Loan Association of Youngstown in the name of A. T. Schreiber, one of the former owners.

In defense of this action, the defendant-appellant claims that no action could be maintained against him in that he was not the tenant of the purchasers, and that by reason of the sale a contractual relationship of landlord and tenant never existed between plaintiffs-appellees and defendant-appellant.

In consideration of this assignment of error this court considers with approval the opinion of the court of common pleas as set forth in the transcript.

It is the opinion of this court that the former owner, Schreiber, in transferring to the plaintiffs-appellees title to the property by a general warranty deed made a full and complete transfer of all interests which they had therein subject only to the right of the tenant to occupy the premises until the end of his then legal possession, which occurred on September 14, 1948. The new owners received the property subject to this month to month tenancy, and it would therefore be incumbent upon the plaintiffs-appellees, the new owners, to begin proceedings to properly terminate the tenancy of the defendant-appellant.

Under the statute law of Ohio, §10451 GC, it is required:—

"A party desiring to commence an action under this chapter, must notify the adverse party to leave the premises, for the

possession of which action is about to be brought, three or more days before beginning the action, by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode."

In this action the 60 day notice was served by registered mail and a return receipt acknowledged delivery thereof.

In the case of Nunlist v. Motter, 69 N. E. (2nd) 201, also reported in 34 O. O. 6, it has been held that the statutory phrase " 'by handing a written copy of the notice to the defendant in person' is complied with where the landlord has caused such notice to be delivered to the tenant by registered mail and the tenant personally acknowledged its receipt in writing".

Therefore, as to the proper receipt of the notices to leave the premises and surrender possession thereof, there can be no question but that the same were properly sent and received.

There seems to be no contention but that the tenancy of the defendant-appellant is on a month to month basis terminating on the 14th day of each month.

At the time the new owner received title to the premises the tenant was legally in possession until the 14th day of September, 1948.

By serving the 60 day notice required under the Federal Rent Regulations did the plaintiffs-appellees extend the legal tenancy of the defendant-appellant over the period covered thereby so as to extend his tenancy necessarily to the 14th day of November, 1948?

It is the considered opinion of this court that such extension was not granted, and that subsequent to the 14th day of September, 1948, the defendant-appellant, for the remainder of the time required under the Federal Rent Regulations, bcame tenants at sufferance rather than tenants from month to month; and that upon completion of the 60 day notice the plaintiffs-appellees could have proceeded legally to file their action in forcible detainer and ask for possession of the premises therewith.

The 60 day notice required by the Federal Rent Regulations was placed in effect because of the war emergency and the scarcity of houses. The statutory three day notice required under the laws of the State of Ohio was not extended. It therefore appears to this court that the giving of the 60 day notice required by the Federal Rent Regulations would be a complete compliance with the Ohio statute which required

only a 3 day notice; and that by the giving of the 60 day notice, which would of necessity expire beyond the current month, the tenant subsequent to his current month legal occupancy would, subsequent to that date, become a tenant at sufferance; and that there would be no extension of the month to month tenancy which had existed prior to the serving of the 60 day notice.

In consideration of this point this court views with approval the reasoning set forth in the case of Hoveler v. Luhrmann, 3 Ohio Nisi Prius 224. The term of that tenant expired on October 20, 1895. On October 19th, in compliance with the statutory requirements of Ohio, the owner, Mary Hoveler, served upon the tenant, Charles Luhrmann, a notice to surrender possession on or before three days from the date thereof. On October 23, 1895, the plaintiff filed a complaint before a justice of the peace stating in effect that the said Charles Luhrmann has ever since the 20th day of October, and does still, unlawfully and forcibly detain from the plaintiff said premises. On trial before the magistrate, the defendant moved to dismiss on the ground of a variance between the notice to quit and the complaint. The motion was sustained and exceptions taken. The plaintiff asked leave to file a petition in error. In considering these facts the reviewing court stated as follows:—

"If the tenant holds from month to month, and the landlord allows him to enter on a new month under such circumstances as to lead the tenant, as a reasonable man, to believe that the landlord will and does renew the lease for such month, the tenant would hold for that month lawfully; but that is because of an implied contract arising out of the conduct of the parties. The tenant has no election to hold for another term (Taylor on Landlord and Tenant, section 22). If, however, before the end of the month the landlord notifies the tenant to quit, no implied contract for a lease for another month arises, and if the tenant holds over he will hold unlawfully."

In the instant case, we have a month to month tenancy and the current legal month ended on the 14th day of September, 1948. On the 7th day of September, 1948, in compliance with the Federal Rent Regulations, the purchaser served upon the tenant a notice to surrender possession of the premises; and of necessity, under the Federal Rent Regulations, such notice had to be 60 days.

It is the opinion of this court that the month to month tenancy of the tenant expired at the end of the then current month, to-wit September 14, 1948, and that his occupancy of the premises thereafter was a tenancy at sufferance which legally expired on the 60th day after the service of such notice, to-wit on the 6th day of November, 1948; and that his occupancy of the premises from September 15th to October 14th, and from October 15th to November 14th, was not an extension of his month to month tenancy as the notice served in requirement with the Federal Rent Regulations was such that a reasonable man could not believe that the landlord would renew the lease on such month to month basis, but that he allowed possession only to conform with the Federal Rent Regulations.

The three days statutory notice in compliance with §10451 GC and received by the tenant on November 8th requiring that possession be surrendered three days thereafter was in full compliance with the statutory provisions of the notice, and subsequent thereto petition was properly filed in the municipal court on the 12th day of November, 1948.

Further quoting from the reasoning of the court of common pleas of Hamilton County in Hoveler v. Luhrmann, cited as above, it is the opinion of this court that no right is given by §10451 GC to the tenant; "under the law of the land his term has expired; and he has no right to hold". But by §10451 GC, "a right is taken from the landlord; he may not sue until three days have expired from service of the notice to quit, although the tenant is holding unlawfully."

The landlord in this case, in the opinion of this court, has completely satisfied both the requirements of the Federal Rent Regulations and the statute law of the state of Ohio, and is entitled to the relief sought.

It is therefore the judgment of this court that the decision and judgment of the court of common pleas of Mahoning County is proper, should be affirmed, and is affirmed.

PHILLIPS, PJ, NICHOLS, J, concur in judgment.